IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| UNITED STATES OF AMERICA | ) | |
|---|---|---|
| | ) | |
| v. | ) | CRIMINAL NO. 12-0240-WS |
| | ) | |
| STEVEN MARKS and | ) | |
| TARIQ RASHID SIMS, | ) | |
| | ) | |
| Defendants. | ) | |

ORDER

This matter is before the Court on the defendants' motions to transfer. (Doc. 79, 89). The government has responded to both motions, (Docs. 96, 127), the defendants declined the opportunity to file a reply, (Docs. 81, 99), and the motions are ripe for resolution.

Count One of the indictment names ten defendants, including the movants, in a wide-ranging conspiracy to steal and otherwise illegally acquire electronic goods and to sell such goods on eBay and elsewhere. Count Three accuses the movants and two others of conspiring to receive, possess, sell and dispose of goods in interstate commerce known to have been stolen. The remaining five counts do not name the movants. The movants, asserting that "[t]he gravitational center of this case is the Atlanta area," (Doc. 79 at 3), seek transfer to the Northern District of Georgia.

"Upon the defendant's motion, the court may transfer the proceeding, or one or more counts, against that defendant to another district for the convenience of the parties, any victim, and witnesses, and in the interest of justice." Fed. R. Crim. P. 21(b). Rule 21(b) "accords weight not just to the convenience of the defendant, but to the convenience of all 'parties and witnesses,'" including the government. *United States v.*

*Kopituk*, 690 F.2d 1289, 1322 (11th Cir. 1982). Such decisions are committed to the discretion of the trial court, *id.*, and the burden is on the moving defendant.[1]

The Supreme Court has noted several factors that have been utilized in resolving a Rule 21(b) motion:

> (1) location of corporate defendant; (2) location of possible witnesses; (3) location of events likely to be in issue; (4) location of documents and records likely to be involved; (5) disruption of defendant's business unless the case is transferred; (6) expense to the parties; (7) location of counsel; (8) relative accessibility of place of trial; (9) docket condition of each district or division involved; and (1) any other special elements which might affect the transfer.

*Platt v. Minnesota Mining & Manufacturing Co.*, 376 U.S. 240, 243-44 (1964). As the Court has previously noted,[2] the Supreme Court did not embrace this listing and, as far as the Court can tell, neither has the Eleventh Circuit. Nevertheless, as both sides invoke the list and use it to organize their presentation, the Court does likewise.

### 1. Location of defendants.[3]

Marks, who is on pretrial release, resides in the Northern District of Georgia. Sims is also a resident of the Northern District of Georgia but is detained in this district.[4] "A criminal defendant has no right to be tried in the place of his domicile, [citation

---

[1] *E.g., In re: United States*, 273 F.3d 380, 389 (3rd Cir. 2001); *United States v. Ghilarducci*, 220 Fed. Appx. 496, 504 (9th Cir. 2007).

[2] *United States v. Sidell*, 2011 WL 203619 at *2 (S.D. Ala. 2011).

[3] Although *Platt* referenced "corporate defendant," other courts have expanded this factor to include the location of individual defendants as well. *E.g., United States v. Jordan*, 223 F.3d 676, 685 (7th Cir. 2000); *United States v. Heaps*, 39 F.3d 479, 483 (4th Cir. 1994); *United States v. Maldonado-Rivera*, 922 F.2d 934, 966 (2nd Cir. 1990).

[4] The government argues that Sims resides in this district because he is detained here, (Doc. 96 at 4), but it offers no authority for a proposition that would enable the government to alter a defendant's residence by the mere expedient of having him detained. *See United States v. Bittner*, 728 F.2d 1038, 1041 (8th Cir. 1984) (defendant's residence in Illinois favored transfer to Illinois even though he was being detained in Iowa).

omitted], and the defendant's concerns about the expense and inconvenience of being tried away from home are ordinarily of little relevance to a motion for a change of venue." *United States v. Bagnell*, 679 F.2d 826, 832 (11th Cir. 1982). Sims makes no attempt to overcome this rule. Marks argues that, due to the entry of a non-disclosure order, he must travel to Mobile to view the voluminous discovery with his counsel, which travel is made "extremely difficult" by distance, cost and his responsibilities as a single father of a minor daughter. (Doc. 89 at 1-2). But Marks provides no details about these matters that could enable the Court to concur with his conclusion.[5] This factor does not favor transfer.

### 2. Location of possible witnesses.

The movants assert that "[m]ost of the potential witnesses" are in north Georgia and other locations than this District. (Doc. 79 at 6-7). Witnesses located neither in this district nor the Northern District of Georgia will be discussed under the eighth factor. The government asserts that the investigation into this farflung criminal enterprise was conducted in this district and that the case agent, several other law enforcement agents, and several victims, all residing in this district, will be called as witnesses. (Doc. 79 at 6-7). The movants identify several potential government witnesses from the Northern District of Georgia, but they do not identify any defense witnesses there. *See United States v. Noland*, 495 F.2d 529, 534 (5th Cir. 1974) (where the defendant provided no list of witnesses in the transferee district and a summary of their anticipated testimony, he "failed to demonstrate specific facts from which the District Court could have concluded that the convenience of witnesses and the interest of justice required transfer" under Rule 21(b)). This factor does not favor transfer.

---

[5] He does not, for example, address the age of his daughter, the presence of other adult family members in the area, how the daughter is cared for while he works, how much time he must spend in Mobile preparing for trial, or the cost of travel.

### 3. Location of events likely to be in issue.

The movants argue that their conduct occurred largely if not exclusively in the Northern District of Georgia. (Doc. 79 at 4, 5, 8). The government counters that much of the criminal conduct in this multistate conspiracy occurred in this district, including the theft and fraudulent acquisition of electronic goods, the transportation of such goods, and the sale of such goods. (Doc. 89 at 3 n.3, 7). Even if the movants personally did not engage in any act in this district, they are alleged to be part of a conspiracy that operated in this district and elsewhere. This factor does not significantly favor transfer.

### 4. Location of documents and records likely to be involved.

The only documents identified by the movants are those held by various entities used and/or victimized by the conspirators. (Doc. 79 at 6-7). The government asserts that most of the documents it intends to use are already in this district, (Doc. 96 at 8), and the movants do not counter this assertion. At any rate, "the ease of modern transportation means that the location of relevant documents is not as influential today as in the past." *United States v. Cournoyer*, 2012 WL 6539659 at *7 (E.D.N.Y. 2012) (internal quotes omitted). This factor does not favor transfer.

### 5. Disruption of the defendant's business unless the case is transferred.

Defendant Sims is unemployed and detained, (Doc. 96 at 8), so this factor cannot assist him. Defendant Marks is employed as a computer repair technician and is not detained, (Doc. 89 at 1), but "[i]nconvenience to the defendant or his business is not, by itself, a sufficient basis for transfer of venue." *United States v.* Young, 2012 WL 5397185 at *4 (D. Utah 2012) (internal quotes omitted). "Inconvenience and interference with normal business activities occurs whenever a defendant is involved in a trial facing serious charges, regardless of where the trial takes place." *Id*. "However, some courts have weighed this factor in favor of transfer when the business is on the brink of collapse and depends to a large degree on personal involvement." *Id*. Sims runs no business but rather works part-time for others as needed. (Doc. 89 at 1). Even if this factor

comprehends such casual employment, Sims has made no showing that his business is in danger of collapse should he be tried in this district. This factor does not favor transfer.

**6. Expense to the parties.**

Neither movant addresses the relative expense of trial in this district or the Northern District of Georgia. This factor does not favor transfer.

**7. Location of counsel.**

Both Sims and Marks are represented by Mobile counsel. This factor does not favor transfer.

**8. Relative accessibility of place of trial.**

As noted, a substantial number of witnesses and perhaps some documents are in neither district and must be transported to the place of trial from elsewhere. The movants ask the Court to "take judicial notice of the limited air transportation options in the Mobile market as opposed to the service available in Atlanta." (Doc. 79 at 6 n.12). The Atlanta airport is one of the most traveled in the country if not the world, but Mobile "is not the North Pole." *United States v. Kanner*, 2008 WL 2663414 at *7 (N.D. Iowa 2008) (describing Cedar Rapids). At the movants' invitation, the Court has confirmed that the Mobile Regional Airport is served by four major carriers, with numerous direct flights daily to and from Atlanta, Charlotte, Houston and Dallas/Forth Worth. "The efficiency of modern air transportation renders rather sterile any argument based on differences in distances from the respective courthouses." *Cournoyer*, 2012 WL 6539659 at *6 (internal quotes omitted). There is no meaningful difference in the accessibility of Mobile and Atlanta for purposes of the present analysis. This factor does not favor transfer.

**9. Docket condition of each district or division involved.**

The movants admit that docket conditions are at best neutral. (Doc. 79 at 9). As the government has pointed out, (Doc. 96 at 9), this means that transfer would affirmatively delay trial, since new counsel would have to be appointed and then become familiar with the massive discovery. Courts have recognized that, under such circumstances, this factor affirmatively weighs against transfer.[6] It certainly does not favor transfer.

**10. Any other special elements which might affect the transfer.**

The movants identify no additional considerations, but the Court notes one. This case involves a large and dispersed conspiracy. While several of the ten defendants are residents of the Northern District of Georgia, several more are residents of Michigan and Arizona. (Doc. 79 at 5 n.9; Doc. 96 at 5). When conspirators reside in various districts, "[t]he policy favoring joint trials in conspiracy cases" weighs against transfer of some subset of defendants to their district of residence. *Kopituk*, 690 F.2d at 1322-23; *accord United States v. Morrison*, 946 F.2d 484, 489-90 (7th Cir. 1991). This factor does not favor transfer.

For the reasons set forth above, the motions to transfer are **denied**.

DONE and ORDERED this 16th day of January, 2013.

                                        s/ WILLIAM H. STEELE
                                        CHIEF UNITED STATES DISTRICT JUDGE

---

[6] *E.g., United States v. Vogel*, 2009 WL 3273949 at *4 (E.D. Tex.), *report and recommendation adopted*, 2009 WL 3254499 (E.D. Tex. 2009); *United States v. Brooks*, 2008 WL 2944626 at *3 (S.D.N.Y. 2008); *United States v. Quinn*, 401 F. Supp. 80, 89 (D.D.C. 2005); *United States v. Smallwood*, 293 F. Supp. 2d 631, 640 (E.D. Val. 2003).